1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott Alan Burroughs (SBN 235718)
3  scott@donigerlawfirm.com
   Trevor W. Barrett (SBN 287174)
4  tbarrett@donigerlawfirm.com
5  Justin M. Gomes (SBN 301793)
   jgomes@donigerlawfirm.com
6  DONIGER / BURROUGHS
7  603 Rose Avenue
   Venice, California 90291
8  Telephone: (310) 590-1820
9  Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNICOLORS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> IBERIA FASHION, LLC, a New York Limited Liability Company, individually and d/b/a "Indero" and "Bae City"; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey Corporation; ROSS STORES, INC., a California Corporation; CALESSA SPORTSWEAR INTERNATIONAL, LLC, a New York Limited Liability Company; DILLARD'S, INC., a Delaware Corporation; DA MODA CLOTHING, LLC, a North Carolina Limited Liability Company; WESTERN PACIFIC, individually and d/b/a "Dream State", a business entity of unknown form; GABRIEL BROTHERS, INC., a West Virginia Corporation, individually and d/b/a | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

1
COMPLAINT

| | |
|---|---|
| 1 | "Rugged Wearhouse"; AMAZON.COM, INC., a Delaware Corporation; COSMOS TRADING, INC., a Texas Corporation, individually and d/b/a "Austin5" and "Waikiki Store"; J&W DISTRIBUTING, INC., a New York Corporation; EMBEE DISTRIBUTION INC., a New York Corporation, individually and d/b/a "Jembro Stores"; and DOES 1-10, |
| | Defendants. |

Plaintiff, UNICOLORS, INC., a California Corporation, ("Unicolors") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Unicolors is a corporation organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Iberia Fashion, LLC, individually and doing business as "Indero" and "Bae City" (collectively "Iberia") is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 214

West 39th Street, Suite 1007, New York, New York, 10018, and is doing business in and with the State of California

6. Plaintiff is informed and believes and thereon alleges that Defendant Burlington Coat Factory Direct Corporation ("Burlington") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 1830 US-130, Burlington, New Jersey, 08016, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant Ross Stores, Inc. ("Ross") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 5130 Hacienda Drive, Dublin, California, 94568.

8. Plaintiff is informed and believes and thereon alleges that Defendant Calessa Sportswear International, LLC ("Calessa") is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 1278 River Road Suite 1, Edgewater New Jersey, 07020, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant Dillard's, Inc. ("Dillard's") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 1600 Cantrell Road, Little Rock, Arkansas, 72201, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant Da Moda Clothing, LLC ("Da Moda") is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located at 3532 Dewing Drive, Raleigh, North Carolina, 27616, and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant Western Pacific, individually and doing business as "Dream State" (collectively, "Western Pacific") is a business entity of unknown form doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant Gabriel Brothers, Inc., individually and doing business as "Rugged Wearhouse") (collectively, "Gabe's"), is a corporation organized and existing under the laws of the State of West Virginia with its principal place of business located at 55 Scott Avenue, Morgantown, West Virginia, 26508 and is doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Ave. N Seattle, Washington, 98109, and is doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant Cosmos Trading, Inc., individually and doing business as "Austin5" and "Waikiki Store" (collectively, "Cosmos") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 9518 Anderson Mill Rd # A Austin, Texas, 78729, and is doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant J&W Distributing, Inc. ("J&W") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 52-08 Grand Avenue, Maspeth, New York, 11378 and is doing business in and with the State of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant Embee Distribution Inc., individually and doing business as "Jembro Stores" (collectively, "Jembro") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1386 Coney Island Ave, Brooklyn, New York, 11230, and is doing business in and with the State of California.

17. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

18. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN CST1172

19. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled CST1172 (the "Subject Design") that has been registered with the United States Copyright Office. A true and correct representation of the Subject Design is pictured below:

5
COMPLAINT

Subject Design CST1172

20. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

21. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, Iberia, Burlington, Ross, Calessa, Dillard's, Da

Moda, Western Pacific, Gabe's, Amazon, Cosmos, J&W, Jembro, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design without Plaintiff's authorization, including but not limited to:

a) garments sold by Burlington under SKU No. SB42403270 and Style No. ZMZ17908X, bearing the label "Bae City" and RN 141515, indicating that said garments were manufactured by or for Iberia;

b) garments sold by Ross under SKU No. 400170262732 and Style No. ZMZ17908 bearing the label "Indero" and RN 141515, indicating that said garments were manufactured by or for Iberia;

c) garments sold by Dillard's under Item No. 05196316 and Style No. TW500671, bearing the label "Calessa" and RN 131624, indicating that said garments were manufactured by or for Calessa;

d) garments sold by Da Moda under Style No. 87603 and bearing the label "Da Moda by priority," indicating that said garments were manufactured by or for "Da Moda";

e) garments sold by Gabe's under SKU No. 322639797 and Style No. DSK0228, bearing the label "Dream State.", indicating that said garments were manufactured by or for Western Pacific;

f) garments sold by Amazon under Item Description "G2 Chic Women's Exotic Tropical Wild Style Animal Maxi Dress" and Style No. HY-4244, bearing the label "HOTS-WING," indicating that said garments were manufactured by or for J&W;

g) garments sold by Cosmos under Item No. DEP1020 and Style No. HY4289, bearing the label "HOTS-WING," indicating that said garments were manufactured by or for J&W; and

1      h) garments sold by Jembro under SKU No. 88888764368 and Style No.
2          PJ8614, bearing the label "Nine's."

3     22. An image of Subject Design and non-exclusive exemplars of garments
4 bearing the Subject Design ("Infringing Product") are set forth hereinbelow. The
5 below comparisons make clear that the overall look and feel and constituent
6 elements of the designs are substantially similar.

27 ///

8
COMPLAINT







| Subject Design | Infringint Product – Da Moda |
|---|---|



12
COMPLAINT



| Subject Design | Infringing Product – Amazon/J&W |
|---|---|

| Subject Design | Infringing Product – Cosmos/J&W |
|---|---|





# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

23. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Design.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Design, or were an illegal modification thereof.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Design and by producing, distributing and/or selling Infringing Product through a nationwide network of retail stores, catalogues, and through on-line websites.

27. Due to Defendants', and each of their, acts of infringement, Plaintiff has

suffered damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Design in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and Contributory Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Design as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Design, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

36. <u>With Respect to Each Claim for Relief</u>
   a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;
   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of

trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 17, 2019     By:     */s/ Scott Alan Burroughs*
                                    Scott Alan Burroughs, Esq.
                                    Trevor W. Barrett, Esq.
                                    Justin M. Gomes, Esq.
                                    DONIGER / BURROUGHS
                                    Attorney for Plaintiff